## N. B. FAILS LUBRICATING CO. v. ERIE R. CO.

(Supreme Court, Special Term, Erie County. September, 1908.)

CARRIERS—LOSS OF GOODS—FIRES—NEGLIGENCE OF CARRIER.

 Where a carrier received goods between 11 and 12 o'clock noon at its freight house, which was destroyed by fire at 9:35 p. m., when the goods were burned, the carrier, having no train leaving the freight house prior to the fire taking less than car load lots, was not negligent in not removing the goods, and its failure to ship within 10 hours after their receipt was not alone evidence of negligence.

Appeal from Municipal Court of Buffalo.

Action by the N. B. Fails Lubricating Company against the Erie Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed.

Richmond Moot, for appellant.
J. E. Middaugh, Jr., for respondent.

BROWN, J. Defendant, under the bill of lading, would only be liable as common carrier for the lost merchandise upon proof that the loss occurred by reason of negligence. The merchandise, consisting of one barrel and contents, was received by defendant at its freight house on Louisiana street for shipment August 7, 1907, between 11 and 12 o'clock noon, and was destroyed by fire by burning of the freight house and contents about 9:35 p. m. of that day. It appeared that the fire was not caused by the defendant's negligence. The alleged negligence of the defendant for which plaintiff has recovered its judgment, consists solely of the failure of defendant to remove from its freight house and ship the merchandise prior to 9:35 p. m. on evening of August 7th. It appeared that in the ordinary operation of its business as common carrier the defendant had no train scheduled to leave the freight house taking merchandise in less than car load lots on August 7th prior to the fire, and it did not appear that any car was in fact taken from the freight house in which the plaintiff's merchandise might with reasonable care have been shipped. The mere fact that the defendant failed to ship the merchandise within 10 hours of its receipt is claimed to constitute negligence. Such fact, standing alone, is not evidence of negligence.

The judgment must be reversed.